[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION
This is an action for the dissolution of a marriage. The plaintiff, Nicolina Sforza, whose maiden name was Masucci, and the defendant, Frank Sforza, were intermarried on November 14, 1984, in Mount Vernon, New York. One party to this action has resided continuously in the State of Connecticut for at least twelve months next preceding the date of this complaint. There is CT Page 10637 one minor child issue of this marriage, Mario Sforza, born March 10, 1986. The marriage between the parties has broken down irretrievably, and a decree of dissolution will enter on that ground.
The plaintiff has been steadily employed at a "fast food" restaurant for several years, rising through the ranks. She currently earns $750 per week gross, $593 per week net. She is in good health. The defendant works as a waiter at a relative's pizzeria, and earns $300 per week gross, $277 per week net. His English language skills are not fully developed, which the court notes only to signify that his potential for substantial advancement may be limited.
The court believes that the primary cause for the breakdown of this marriage is an economic one. Neither party is more to blame than the other. Since the marriage, the parties, primarily the defendant, have been involved in a series of pizzeria-type restaurants, which were business failures. The parties were left with large debts, and there was a bankruptcy filing. Also, the parties over the years incurred large credit card debts for personal and household expenses. These debts were also burdensome.
The major asset of the collective marital estate is the family home in Norwalk. The home has always been in the plaintiff's name. It was purchased in approximately 1993 for $150,000, with an original mortgage of $110,000. The current fair market value of the property is $205,000, as testified to by an appraiser. In March, 1998, the plaintiff refinanced the original mortgage, for a new principal sum of $158,400. The defendant had no knowledge of this refinance until the time of trial. The plaintiff used the additional monies to consolidate and payoff most of the credit card debts, a loan against her car, and cash to herself of approximately $3,000. The parties and their child have continued to live in the marital home throughout this action, with the defendant paying $197 per week as his contribution toward shelter and household expenses.
This court has considered all of the evidence, and C.G.S. §§ 46b-81 and 46b-82, and all of the statutes made and provided pertaining to dissolution of marriage actions, and enters the following orders:
(1) The marriage of the parties is dissolved on the grounds of an irretrievable breakdown. CT Page 10638
(2) The parties shall have joint legal custody of the minor child, Mario, issue of this marriage; the plaintiff shall have primary physical custody of the minor child, and the defendant shall have rights of reasonable, flexible and liberal visitation.
(3) No alimony is awarded to either party.
(4) The defendant shall pay to the plaintiff the sum of $285 per month as and for child support. Said amount shall be paid semi-monthly, on the first and fifteenth of every month, in advance. However, said support shall not accrue until the defendant vacates the marital home, as set forth more fully hereinafter.
(5) The plaintiff shall maintain health/medical insurance for the benefit of the parties and the minor child, as such insurance may be reasonably available through her employment. The cost of continuing such insurance for the benefit of the defendant shall be at his sole cost and expense. Any uncovered or unreimbursed medical, dental, including orthodontia, psychological or psychiatric expenses for the benefit of the minor child shall be equally divided and paid for by the parties.
(6) The plaintiff shall retain, free of any claim or interest of the defendant, except as noted hereinafter, the marital home at 53 Emerson Street, Norwalk, Connecticut. The plaintiff shall be solely responsible for all and any debts, taxes, assessments or expenses for said home, and the plaintiff shall indemnify and hold harmless the defendant for any obligation for the same.
(7) The plaintiff is granted exclusive possession of the marital home; however, the defendant shall be allowed to remain in the marital home for a period of forty-five days from the date of this decision. Until such time as the defendant vacates the premises, he shall pay the plaintiff the sum of $197 per week, every Tuesday, as he has done pursuant to a pendente lite agreement or order. At such time as the defendant vacates the premises, there shall accrue and he shall pay the plaintiff child support as set forth hereinbefore.
(8) The plaintiff shall pay the defendant the sum of $10,000 as a lump sum property settlement. Said sum shall accrue with interest at the rate of 5% per annum from the date of this decision. Said sum and accrued interest shall be due and payable upon the first occurring of any of the following events: (1) the sale or transfer of said premises by the plaintiff; (2) the refinance of the existing mortgage for a CT Page 10639 sum greater than the original principal balance of the existing mortgage; (3) six months following the minor child's eighteenth birthday. The defendant shall have a security interest in said premises to secure payment upon the first happening of the aforesaid events, and the plaintiff shall execute all documents prepared by the defendant which are reasonable and necessary to effectuate said security interest. In the event that said sum and accrued interest are not paid on or before the date six months following the child's eighteenth birthday, said premises shall be immediately listed for sale, and, upon sale of said premises, said sum and accrued interest shall be paid to the defendant following payment of any mortgage, broker's fees, and any usual and customary closing costs. In the further event that the sale of the premises does not realize a sum sufficient to pay the defendant in whole, the plaintiff shall be personally liable for any difference. The court shall continue to retain jurisdiction over this matter for these purposes.
(9) The plaintiff shall have and retain free of any claim by the defendant, the 1995 Pontiac Grand-Am automobile; the defendant shall have and retain free of any claim by the plaintiff, the 1997 Dodge Dakota, and shall be responsible for any loan against said automobile.
(10) The parties shall equally divide the furniture/furnishings of the marital home and, if they cannot agree, shall mediate the matter through Family Services.
(11) The plaintiff shall have and retain, free of any claim by the defendant, the personalty listed as "all other assets" on the defendant's current financial affidavit.
(12) Except or as to the extent as recited hereinbefore, each party shall have and retain all assets, and shall be responsible for all liabilities, shown on their current financial affidavits.
(13) Each party shall be responsible for their own attorney's fees.
(14) Counsel for the plaintiff shall prepare the judgment file.
So Ordered.
KAVANEWSKY, J.
CT Page 10640